Mr. J. Randy Young, P.E. Executive Director Arkansas Soil Water Conservation Commission 101 East Capitol, Suite 350 Little Rock, AR 72201
Dear Mr. Young:
This is in response to your request for an opinion concerning the levy by a quorum court of a volunteer tax. I have paraphrased your question as follows:
 Does a county quorum court have the power to levy a volunteer tax specifically for a conservation district?
I assume that your question pertains to a "voluntary" tax. It is my opinion that the answer to your question is, generally, "yes." County quorum courts have the authority to levy a voluntary tax for conservation districts that are public entities.
"Voluntary taxes" are mentioned in A.C.A. § 26-25-106, which provides in pertinent part that:
 (a) Whenever the electors of any county of this state may levy a voluntary tax, it shall be unlawful for the county judge, the county court, or any other county official to use or allocate any moneys derived from any voluntary tax for purposes other than for which it was levied and collected.
It thus appears that "voluntary taxes" are generally authorized, and we have so noted in previous opinions of this office. See
Op. Att'y. Gen 83-71.
Arkansas Code Annotated § 26-73-103(a) (1987) states:
 In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court . . . may levy any tax not otherwise prohibited by law. However, no ordinance levying . . . any tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
Arkansas Code Annotated §§ 14-125-701—711 (1987) provides for the levy of taxes on conservation districts. There appears to be nothing in these sections to prohibit the levy of a voluntary tax on conservation districts. Nor has my research disclosed any other general prohibition in this regard. Section 26-73-103(a) may therefore be cited as authority for levying such a tax.
Constitutional provisions must, however, also be considered. Arkansas Constitution Article 12, section 5, provides that:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
This office has previously opined that the collection of a voluntary tax by a county, for the benefit of a private non-profit corporation, in all likelihood violates Ark. Const. art. 12, § 5. See Op. Att'y Gen. 91-015. A conservation district would not fall within this prohibition, provided it was organized pursuant to A.C.A. §§ 14-125-101—907 (1987 Cum. Supp. 1991). These provisions authorize the organization of soil and water conservation districts under the supervision of the Arkansas Soil and Water Conservation Commission. Previous opinions of this office have upheld "voluntary taxes" only when the collected funds are used to support public entities. See
Ops. Att'y. Gen. 83-71 and 87-340. Article 12, § 5 would therefore not appear to prohibit a county from obtaining money through the levy of a voluntary tax for a conservation district, assuming that the district is a public entity and not a private non-profit corporation.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh